**ORIGINAL**

LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH          898-0
STUART M. KODISH        4698-0
Pacific Guardian Center
737 Bishop Street, Suite 1835
Honolulu, Hawai`i  96813
Telephone: 523-2451

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 05 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| C.C. DAVIS, Individually and as Personal Representative of the Estate of DIAMOND DAVIS, Deceased; KIM DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; WAIANAE COAST COMPREHENSIVE HEALTH CENTER; JEFFREY CHING, M.D.; DAN SMITH, P.A.C.,<br><br>Defendants. | CIVIL NO. CV07 00461 ACK LEK<br><br>COMPLAINT |

COMPLAINT

Plaintiffs C.C. DAVIS, individually and in his capacity as Personal Representative of the Estate of DIAMOND DAVIS, Deceased; and KIM DAVIS, by and through their attorneys, the Law Offices of Ian L. Mattoch, state their allegations, averments and claims for relief as follows:

COUNT I
MEDICAL NEGLIGENCE

1. This action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., as set forth more fully herein.

2. Plaintiff C.C. DAVIS was the legal father of Decedent DIAMOND DAVIS and is the Personal Representative for her Estate. Plaintiff C.C. DAVIS resides in the City and County of Honolulu, State of Hawai`i.

3. Plaintiff KIM DAVIS was the legal mother of Decedent DIAMOND DAVIS. Plaintiff KIM DAVIS resides in the City and County of Honolulu, State of Hawai`i.

4. At all times relevant herein, Defendant UNITED STATES OF AMERICA operated the WAIANAE COAST COMPREHENSIVE MEDICAL CENTER (hereinafter referred to as "WCC") as a Federally Supported Health Center in the City and County of Honolulu, State of Hawai`i, which was engaged in providing medical and emergency care and treatment.

5. At all times relevant herein, Defendant JEFFREY CHING, M.D. ("Defendant CHING") was a resident of the City and County of Honolulu, State of Hawai`i.

6. At all times relevant herein, Defendant DAN SMITH, P.A.C., ("Defendant SMITH") was a resident of the City and County of Honolulu, State of Hawai`i.

7. At all times relevant herein, Defendant CHING was a medical doctor licensed to practice medicine and engaged in the practice of medicine in the State of Hawai`i.

8. At all times relevant herein, Defendant CHING was an emergency room physicians at WCC.

9. At all times relevant herein, Defendant SMITH was a physician's assistant at WCC.

10. On January 19, 2006, an administrative claim was presented by the Plaintiffs to the claims office of the OCG/GLC, Claims and Employment Law Branch, Department of Health and Human Services (DHHS). Said agency having failed to make a final disposition of said claim, Plaintiffs deem such failure to be a denial thereof. Plaintiffs may file suit in the appropriate U.S. District Court (45 C.F.R. 35.2(b) and 28 U.S.C. 2675 (a)).

11. At all times relevant herein, Defendants held themselves out to the public and to the Plaintiffs as having and possessing the requisite skill, competence, facilities and personnel to properly care for and treat Plaintiff-Decedent DIAMOND DAVIS.

12. At all times relevant herein, Defendant WCC provided personnel, including doctors, nurses, attendants, and others for the care and treatment of patients, including Plaintiff-Decedent DIAMOND DAVIS.

13. The acts and occurrences complained of in this matter occurred at the facilities of the WCC within the City and County of Honolulu, State of Hawai`i. This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §1346(b), §1391(e) and §1402(b).

14. At approximately 8:30 p.m., on or about May 2, 2004, Decedent DIAMOND DAVIS presented to the emergency department at WCC with complaints including, without limitation, fever, coughing vomiting, and decreased oral intake. Decedent DAVIS was seen and treated by Defendants CHING and SMITH.

15. Defendant CHING owed a duty to Decedent DAVIS to possess and exercise that standard of professional training, skill, knowledge and ability ordinarily possessed and exercised by an emergency physician engaged in his respective practice of medicine.

16. Defendant CHING failed to timely and appropriately evaluate, diagnose, and treat Decedent DAVIS's medical condition.

17. The conduct of Defendant CHING was negligent and in breach of the applicable standard of care for an emergency physician engaged in the practice of medicine, and was a substantial factor in causing injury to and the death of Decedent DAVIS.

18.  Defendant SMITH owed a duty to Decedent DAVIS to possess and exercise that standard of professional training, skill, knowledge and ability ordinarily possessed and exercised by a physician's assistant engaged in his respective practice of medicine.

19.  Defendant SMITH failed to timely and appropriately evaluate, diagnose and treat Decedent DAVIS's medical condition.

20.  The conduct of Defendant SMITH was negligent and in breach of the standard of care for a physician's assistant certified in the practice of medicine, and was a substantial factor in causing injury to and the death of Decedent DAVIS.

21.  As a result of Defendants' negligence and breaches of the applicable standards of care, Decedent DAVIS died on May 3, 2004.

22.  Decedent DAVIS died as a result of Defendants' breaches of the standard of care, including but not limited to, failure to recognize and appropriately treat her complex medical condition, administration of excessive intravenous fluids, failure to properly monitor and observe for a reasonable time.

23.  The aforesaid negligence and breaches of the applicable standards of care of Defendants were the direct, proximate and legal causes of death of Decedent DAVIS.  As a

result, Plaintiffs C.C. DAVIS and KIM DAVIS suffered a loss of love, affection, society and consortium of Decedent DAVIS.

24. The Estate of DIAMOND DAVIS, as a direct, proximate and legal result of the negligence and breaches of the applicable standards of care of Defendants, has suffered damages arising from the death of DIAMOND L. DAVIS which are permitted under 28 U.S.C. §2674 and other applicable law.

### COUNT II - *RESPONDEAT SUPERIOR*

25. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

26. At all times relevant herein, Defendants were in the course and scope of their employment as agents and/or employees of Defendant WCC and Defendant UNITED STATES OF AMERICA.

27. Defendant WCC and Defendant UNITED STATES OF AMERICA are vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, and/or any of them, jointly and severally, for all damages caused by Defendants, as well as the costs of suit, attorneys' fees, prejudgment and post-judgment interest, and all other relief to which they are

entitled.  Plaintiffs contend that the amount of damages as alleged herein falls within the jurisdictional requirements of this Court.

DATED: Honolulu, Hawai`i, __SEP - 5 2007__.

_/s/ Stuart M Kodish_
IAN L. MATTOCH
STUART M. KODISH
Attorneys for Plaintiffs